TERRELL, Justice.
This appeal is from a final decree validating an issue of bonds for the construction of a county hospital in Okaloosa County.
The chancellor found (1) that Okaloosa County was authorized under Florida Statutes, Chapter 155, F.S.A., and the Consti *885 tution of Florida to issue 'bonds for the purpose of constructing and equipping a county hospital; (2) that the issuance of said bonds and the construction of said hospital was imperative in order to preserve the public health of the county; (3) that the issuance of said bonds was duly approved by the qualified electors who are freeholders residing in the county at an election held November 4, 1952, as provided by law; (4) that said bond election was legally called and held at the same time the general election was called and held; (5) that on July 27, 1954 the Board of County Commissioners adopted a resolution authorizing the issuance of said bonds to be dated June 1, 1954, bearing interest not exceeding .six percent per annum, the proceeds to be used to construct and equip said hospital, all of which appears by minutes of the County Commissioners of Okaloosa County filed in these proceedings; (6) that petitioner is authorized to and its resolution provides for the levy and collection of an ad valorem tax of three mills to the dollar on all taxable property in the county or as much more as is necessary to raise the sum of $18,119.36 annually; (7) that the notice of said bond election and the form of ballot used meet all legal requirements, that said election conformed in all respects to Section 6, Article 9 of the Constitution, F.S.A., that the issuance of said bonds was duly and legally authorized, that a sinking fund for the payment of principal and interest on said bonds was legally provided for, and that the obligation incurred by said bonds will be within all debt limits provided by the Constitution and Laws of Florida; (9) that proper notice was given the State of Florida, the property owners, taxpayers, and citizens affected by the issuance of said bonds, that said notice was legally published in the Okaloosa News-Journal and that no taxpayer, citizen or other person has intervened or made application to become a party to said cause or raise any objection to this proceeding; (10) that the answer of the state attorney shows no irregularity or illegality in the proceedings or cause why the prayer for validation should not be granted. The Court further found that all requirements of the Constitution and laws of the State of Florida pertaining to authorization and proceedings leading to validation were strictly complied with.
Two questions are raised on this appeal. The first question challenges the power of the county to order the levy and collection of an annual tax on all taxable property in the county sufficient to pay the principal and interest on the bonds. The second question challenges the power of the county to order that the payment of principal and interest on the hospital bonds shall be a first lien on all moneys in the sinking fund.
These are kindred questions and will be treated together. As to the first question, the grievance is that there is a conflict or incompatability in F.S. §§ 155.04 and 155.14, F.S.A. The gist of these sections relates to the annual levy for payment of principal and interest on the bonds and for maintenance and improvement of the hospital. The chancellor correctly found that this proceeding was brought under F.S. Chapter 155, F.S.A., that the total amount of bonds and assessment provided by F.S. § 155.04, F.S.A., was designated but thereafter the assessment was controlled by F.S. § 155.14, F.S.A., under which the mills¡.ge must be sufficient to produce a minimum of $18,119.36. This amount was essential to meet annual interest and retirement payments and was contemplated when the bonds were approved by the freeholders.
The second question has to do with the tax levy for maintenance and improvement of the hospital. The controversy is over the structure of the sentence, the use of “and” and the comma and their control of what the legislature intended by F.S. § 155.04, . F.S.A. The chancellor resolved-this controversy in favor of the county and we cannot see that any error was committed. It seems to me that the Trustees of the hospital and the County Commissioners have proceeded in all respects as the law provides and that there is no merit to the objections raised. In fact neither of the questions raised go to constitutional or *886 statutory validity; they are predicated on construction of the pertinent statutes and nothing more. The chancellor rejected both contentions.
The final decree of the chancellor was correct and is affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and ■MATHEWS, JJ., concur.